# In the United States Court of Federal Claims

No. 12-175
(Filed: November 17, 2014)

|  |  |
|---|---|
| KING, et al., | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

## ORDER

**FIRESTONE**, *Judge*.

During the oral argument on the parties' cross-motions for summary judgment scheduled for **Tuesday, November, 18, 2014 at 2:00 p.m. eastern time**, the court will address the issues raised in the parties' briefs in the following order:

1. Whether the government is bound by the testimony of its 30(b)(6) witness. In that connection, the parties should be prepared to discuss the Department of Justice's role in litigation on behalf of the federal government and its authority to define the legal position of the United States. The parties are asked to identify cases, if any, in which the Department of Justice took a legal position in litigation that was contrary to the position of its client agency.

2. Assuming that that the government is not bound by Ms. Copeland's 30(b)(6) testimony, whether the nature of plaintiffs' work qualifies them as exempt under the learned professional exemption, the administrative exemption, and/or the executive exemption under the FLSA.

3. Whether the plaintiffs seeking compensation for caring for canines during off-duty hours have the same FLSA classification as the other CDIs. In that connection, the parties should be prepared to discuss the employment responsibilities of the CDIs at the canine academies in relation to any potentially applicable FLSA exemption. Assuming the court finds that the plaintiffs seeking compensation for home canine care are properly classified as FLSA non-exempt, the parties should be prepared to discuss their arguments regarding the applicable statute of limitations and whether the claim for uncompensated canine care relates back to the original complaint.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge